**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2182

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>UNITED STATES DISTRICT JUDGE | Clarkson S. Fisher Federal Building &<br>U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

**LETTER MEMORANDUM**

**Sarah F. Meil**
**67 Bridge Street**
**P.O. Box 145**
**Milford, NJ 08848**

**Harris Samuel Freier**
**Genova Burns Giantomasi & Webster**
**494 Broad Street**
**Newark, NJ 07102**

**Annmarie Pinarski**
**Weissman & Mintz, LLC**
**1 Executive Drive, Suite 200**
**Somerset, NJ 08873**

November 27, 2012

RE: <u>Ivan Cardona v. Dow Jones & Company, et al.</u>
        Civil Action No.: 12-04679

Dear Counsel,

On June 13, 2012, Plaintiff Ivan Cardona ("Plaintiff") filed a <u>pro se</u> seventeen count complaint against Defendants Dow Jones, several Dow Jones employees (collectively, "the Dow Jones Defendants"), his union, and his union representative (collectively, "Union Defendants") in the Superior Court of New Jersey, Middlesex County, Law Division. The Complaint alleges that Plaintiff was discriminated and retaliated against in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, et seq., and also asserts several tort and contract related allegations against Defendants. On July 26, 2012, Defendants removed this matter to the United States District Court for the District of New Jersey on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1441, and 1446, and, for the state law claims, by virtue of

supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The Dow Jones Defendants subsequently moved pursuant to F.R.C.P. 12(b)(6) to dismiss all claims against them on August 13, 2012.  After the case was removed to this Court, Plaintiff retained counsel and filed an Amended Complaint asserting only state law causes of action for discrimination and retaliation pursuant to the NJLAD on August 23, 2012.  As the Amended Complaint asserts only claims arising under state law against non-diverse parties, Plaintiff moved to remand this matter to the Superior Court of New Jersey.  The Union Defendants moved to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) on August 24, 2012.  By letter dated August 31, 2012, the Dow Jones Defendants indicated that they have entered into a stipulation with Plaintiff agreeing to withdraw their Motion to Dismiss and not oppose Plaintiff's Motion to Remand.  Pursuant to this stipulation, Plaintiff will file a new amended complaint in state court which mirrors the current Amended Complaint but excludes the individual Dow Jones Defendants from the Complaint.  No opposition to the Motion to Remand has been received from the Union Defendants.

Plaintiff argues that remand is proper because the Amended Complaint does not assert any federal law claims, therefore, the Court no longer has federal question jurisdiction.  Plaintiff further urges the Court to follow Third Circuit precedent and not apply a strict "time of filing" rule in determining whether the Court has continued jurisdiction.  Under the "time of filing" rule, "[c]onceivability is determined at the time a lawsuit is filed."  Nuveen Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 294 (3d Cir. 2012) (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004)) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought")).  The rule was originally set out in the diversity context, see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 286, 290-92, 82 L. Ed. 845, 58 S. Ct. 586 (1938), and "has been applied only rarely to federal question cases."  New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1503 (3d Cir. 1996).[1]  "[T]he underlying concern of the time of filing rule was the risk that parties would deploy procedural tactics to manipulate federal jurisdiction."  Id.  Indeed, the Third Circuit has noted that "[e]ven in the federal question context … the focus of the time of filing rule has been on preventing manipulation of jurisdiction when a claim is removed."  Id.

Here, although the Amended Complaint eliminates the federal claims that provide the basis of this Court's subject matter jurisdiction, it does not appear that this was done solely to prevent jurisdiction.  Plaintiff, who drafted the initial complaint as a pro se litigant,  amended the complaint after retaining counsel and upon realizing that several of the claims originally plead were time-barred or otherwise defective.  Thus, Plaintiff's amendments were not made for the purpose of defeating jurisdiction, but rather to avoid unnecessary motion practice and effort prosecuting and defending unsustainable claims.  As such, the Court finds the amendments were not made solely to defeat jurisdiction and declines to apply a strict "time of filing" rule in determining whether the Court has jurisdiction over this matter.  Accord Ortiz v. Univ. of Med. & Dentistry of N.J., Dkt. No. 08-2669, 2009 U.S. Dist. LEXIS 63220, at *10 (D.N.J. July 23,

---

[1] The Court notes that, in a recent bankruptcy jurisdiction case, the Third Circuit questioned the continued viability of exceptions to the time-of-filing rule, however, the Circuit did not overturn its prior decision in New Rock that refused to apply it in a federal question case.  See Nuveen, 692 F.3d at 294.

2009) (finding voluntary dismissal of claim providing federal jurisdiction and seeking remand is not impermissible forum manipulation). Because the Amended Complaint does not allege any cause of action arising under federal law and the parties involved are non-diverse, this Court lacks subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, the Court must remand this matter to the Superior Court of New Jersey, Middlesex County, Law Division.

Moreover, even if the federal law claims alleged in the original complaint are sufficient to confer subject matter jurisdiction on this Court, this case should nevertheless be remanded to the state court because there is no justification for exercising supplemental jurisdiction over the state law claims. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). Here, Plaintiff has voluntarily dismissed all claims arising under federal law and there are no extraordinary circumstances present to justify retaining supplemental jurisdiction over the remaining state law claims. No discovery has taken place in this matter and remand would not be inconvenient or unfair to the parties. Indeed, no opposition has been received from the Union Defendants and the Dow Jones Defendants have entered a stipulation with Plaintiff in which they agree not to oppose the motion for remand and withdraw their motion to dismiss. Thus, having considered concerns of judicial economy, convenience, fairness, and comity, the Court finds that since only state law claims will remain in this case, this matter properly belongs in state court. Accordingly, the Court declines to exercise supplemental jurisdiction and remands this case to the Superior Court of New Jersey, Middlesex County, Law Division. Finally, with regard to the motion to dismiss filed by the Union Defendants, as the Court no longer has jurisdiction over this matter, the motion to dismiss is denied as moot; it may be refiled in state court.

    Very truly yours,

    s/ Freda L. Wolfson
    FREDA L. WOLFSON
    United States District Judge